R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second
Floor Boston, MA 02109
Telephone: (603) 226-
2600 Email:
rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MINDEN PICTURES, INC.,

          Plaintiff,

    v.

MARRIOTT INTERNATIONAL, INC. and
TRIPADVISOR LLC,

        Defendants.

**Case No.: 1:21-cv-10969-AK**

## PLAINTIFF'S OBJECTION TO MARRIOTT'S MOTION TO DISMISS

The plaintiff Minden Pictures, Inc. ("Plaintiff"), by its undersigned attorneys, Rath,
Young, and Pignatelli P.C., respectfully submits the following opposition to the motion to
dismiss pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure filed by the defendant
Marriott International, Inc. ("Marriott").

## PRELIMINARY STATEMENT

Marriott's motion is dead on arrival because Marriott concedes that joinder of the
allegedly absent party, ETMA, Inc. d/b/a PlacePass ("PlacePass"), is feasible.  A motion to

dismiss pursuant Rule 12(b)(7) cannot be granted where joinder of the absent party is feasible. Marriott thus torpedoes the relief it seeks.  In addition, Marriott's motion is all the more frivolous because of the abundance of authority holding that in a tort case like this, an aggrieved copyright owner is not compelled to sue all joint tortfeasors but may proceed against as few or as many as he wishes.  Here, if we accept that Marriott's allegation that PlacePass is the party directly responsible for the downloading and uploading of the eight images at issue in this litigation ("the "Copyrighted Works") and that Marriott cannot also be a direct infringer—a position Plaintiff refutes but that is what is alleged by Marriott in its motion—Plaintiff's claims against Marriott for contributory infringement remain, to which Marriott and PlacePass are jointly and severally liable.  And a joint tortfeasor is not a "required party" under Rule 19.

Accordingly, there is a stunning lack of merit to Marriott's motion.

## ARGUMENT

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, an action must be dismissed for failure to join a required party pursuant Rule 19.  *See Massachusetts v. Wampanoag Tribe of Gay Head*, 98 F. Supp. 3d 55, 68 (D. Mass.2015) (denying motion to dismiss because the absent party was not a required party under Rule 19).  Determining whether to dismiss a case for failure to join a required party requires a two-step inquiry, first, whether the party "to be joined if feasible" is "required" under Rule 19(a)(1) and, second, if the absent party is required and if the absentee cannot be joined for jurisdictional or other reasons, the court must determine "whether, in equity and good conscience, the action should proceed among the existing parties, or, alternatively, whether the action should be dismissed."  *Id.* (quoting Fed.R.Civ.P. 19(b)). [1]

---

[1] We use the term "required party" instead of "necessary party" and "indispensable party" because Rule 19 no longer contains the words "necessary" or "indispensable," but instead uses the word "required" in place of "necessary" and

In addition, "the moving party carries the burden of showing why an absent party should be joined." *Raytheon Co. v. Cont'l As. Co.*, 123 F. Supp. 2d 22, 32 (D. Mass. 2000).  The court is obligated to accept the allegations contained in the plaintiff's complaint as true for the purpose of the Rule 12(b)(7) inquiry.  *J & J Sports Prods. Inc. v. Cela*, 139 F. Supp. 3d 495, 499 (D. Mass. 2015).  Moreover, "[a] dismissal under Rule 12(b)(7) is not considered to be on the merits and is without prejudice; therefore, it does not have any former adjudication effect" and "[a] pleading amendment would be more appropriate than a dismissal when by restructuring the relief requested the plaintiff is able to change the status of an 'indispensable' party to that of a 'necessary' party or otherwise cure the defect so that the action can proceed." *Wright and Miller*, § 1539 (3d ed. April 2021 Update).

Marriott's characterization of PlacePass as a required party whose absence warrants dismissal of Marriott from this action errs on a number of levels.

## I.     PlacePass Is not a Required Party Under Rule 19(a)

A party is "required" under Rule 19(a)(1) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may

>> (i) as a practical matter impair or impede the person's ability to protect the interest; or

>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P 19(a)(1).

---

simply "discarded as redundant" the word "indispensable" since it was "used only to express a conclusion reached by applying the tests of Rule 19(b)." Advisory Committees Notes.

As is evident in the First Amended Complaint ("FAC"), this case concerns whether Marriott is liable for infringing Plaintiff's copyrights at the website https://activities.marrott.com, either directly by reproducing, distributing, or publicly displaying Plaintiff's Copyrighted Works found at the infringing website, or indirectly through TripAdvisor by materially contributing to the direct infringement or by vicariously infringing those copyrights, i.e., having the ability to control the infringement and benefiting from the infringement.  *See* ECF No. 7 at 5-10.  In addition, Plaintiff alleges violations of section 1202 of the Digital Millennium Copyright Act because Plaintiff included copyright management information on the copyrighted works and the works were displayed at the Marriott website without Plaintiff's copyright management information.  Marriott posits in its motion to dismiss that the claims as to Marriott should be dismissed because PlacePass, not Marriott, is the entity that must have directly infringed Plaintiff's copyrights and removed Plaintiff's images at the Marriott's website.  *See* ECF No. 16 at 12 ("Any alleged downloading or uploading of the Copyrighted Works would have been the conduct of PlacePass, not Defendant Marriott.  Moreover, allegations for violations under the DMCA have no basis without including PlacePass.").

Marriott fails to show PlacePass is a required party at each prong of the test.

A.     **The Court Can Accord Complete Relief Among the Existing Parties**

First, Marriott is, as alleged, directly liable for copyright infringement, relief for which can be accorded among the existing parties.  See ECF No. 7 at 5-7.  Even if we accept Marriott's factual allegations that PlacePass downloaded and uploaded the Copyrighted Works to the website https://activities.marrott.com, this does not, by any means, demonstrate that the Copyrighted Works were not also reproduced, distributed, and publicly displayed by Marriott on computer systems and terminals owned and operated by Marriott, in violation of 17 USC § § 106

4

and 501 *et seq*, if not the website owned and controlled by Marriott or on behalf of Marriott, as alleged in the FAC.  *See, e.g.,* ECF No. 7 at ¶ 28 ("By their actions, as alleged above, [Marriott and TripAdvisor], or an agent acting on their behalf, directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the infringing website.").  Indeed, based on the factual representations of Marriott in its motion to dismiss, it is implausible to believe that Marriott did not reproduce, distribute, and publicly display the Copyrighted Works on its computers and computer system as it was clearly working together with PlacePass and TripAdvisor to promote the Marriott brand at the website https://activities.marrott.com.

The reproduction, distribution, and public display on Marriott's computers and computer systems are direct infringements separate from the infringements committed by TripAdvisor and PlacePass.  Copyright infringement is a strict liability tort.  *See, e.g., Daggs v. Bass*, No. 11-cv-30070-FDS, 2012 WL 5878670, at *5 (D. Mass. Nov. 20, 2012).  Accordingly, infringement arises from a computer users unauthorized reproduction, distribution, and public display of the copyrighted works.  *See, e.g., Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1162 (9th Cir. 2007) (explaining that when a computer user visits a webpage copies are reproduced and distributed from the server and then publicly displayed on the terminals of computer users accessing the websites); *MyPlayCity, Inc. v. Conduit Ltd*., No. 10 Civ. 1615, 2012 WL 1107648, (S.D.N.Y Mar. 30, 2012) (explaining infringement occurs "[i]n the internet context, a 'transfer of a file from one computer to another."); *Capitol Records, LLC v. ReDigi Inc*., 934 F.Supp.2d 640, 651 (S.D.N.Y. 2013) (agreeing with other courts that "[a]n electronic file transfer is plainly within the sort of transaction that § 106(3) was intended to reach [and] . . . fit[s] within the definition of 'distribution' of a phonorecord); *Live Face on Web, LLC v. Smart Move Search,*

*Inc.,* 2017 WL 1064664, at *2 (D.N.J. Mar. 21, 2017) (copyrights are infringed each time a defendant "cause[d] a copy of [plaintiff's] software to be distributed to the website visitor's computer in cache, memory, or hard drive" and that the "[defendant's] website distributed copies of the-22, 27. code to each of the website's visitors."); *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, No. 07-cv-03952, 2010 WL 5598337, *3 (N.D. Cal. March 19, 2020)(finding mere web host liable for direct copyright infringement because "the evidence established that Defendants' servers stored and served the data, including pictures, used by the websites that offered counterfeit goods for sale to U.S. customers"). Accordingly, Marriott is a direct infringer, even if we accept its theory that PlacePass initially posted the Copyrighted works at the Marriott website.

Second, as alleged in the FAC, Marriott is liable for indirect copyright infringement and would be a joint tortfeasor along with PlacePass and TripAdvisor since infringement constitutes a tort, and the basic common law doctrine that one who knowingly participates in or furthers a tortious act is jointly and severally liable with the prime tortfeasor is applicable in suits arising under the Copyright Act. *See, e.g., Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1161-62 (2d Cir. 1971). Because Marriott is a joint tortfeasor, this Court can afford complete relief between the existing parties without PlacePass by ordering Marriott to pay Plaintiff's damages. *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-30116-KAR, 2020 WL 3799203, *1 (D. Mass. July 7, 2020) (Robertson, J.) (instructing where liability is joint and several among multiple parties, complete relief may be granted with respect to any one of them); *Sullivan v. Starwood Hotels & Resorts Worldwide, Inc.*, 949 F. Supp. 2d 324, 330 (D. Mass. 2013) (finding absent party is not required under Rule 19(a) because the defendant can fully satisfy the judgement of joint tortfeasors); Fed.R.Civ.P. 19

advisory committee's note ("[A] tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.").  On this point too PlacePass is not a required party under Rule 19.

These joint tortfeasor decisions from the District of Massachusetts are in accord with those of other jurisdictions.  *See Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2d Cir. 2000) (citing *Wells v. Universal Pictures Co.*, 166 F.2d 690, 692 (2d Cir.1948) (Swan, J.) and *7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure* § 1623, at 342 ("Under generally accepted principles of tort law, the liability of joint tortfeasors is both joint and several. . . .  Rule 19 does not alter the long standing practice of not requiring the addition of joint tortfeasors.  Thus, plaintiff may sue one or more of them without joining the others."); *Salton v. Philips Domestic App. And Per. Care*, 391 F. 3d 871, 877 (7th Cir. 2004) ("The defendant may have a right to contribution (i.e., to a sharing of the pain) from the other tortfeasors, but the victim is not required to sue more than one of his oppressors.") (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (U.S.1990), *Pujol v. Shearson/American Express*, 877 F.2d 132, 136 (1st Cir.1989); *Bouchat v. Bon-Ton Dept. Stores, Inc.*, 506 F.3d 315, 318 (4th Cir. 2007) (recognizing the "settled" rule that "a copyright holder may exercise discretion in suing as many co-infringers as he chooses"); *Costello Publ'g. Co. v. Rotelle*, 670 F.2d 1035, 1043 (D.C. Cir. 1981) ("Since joint tortfeasors are jointly and severally liable, the victim of trademark infringement may sue as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit, commentary underscores, are not indispensable parties.") (trademark and copyright case).

Thus, PlacePass is not a required party under Rule 19(a)(1)(A) because the Court can accord complete relief among the existing parties.

**B.      PlacePass Is Not Required Under Rule 19(a)(1)(B)**

Marriott fails to clear the remaining hurdles of the required party test of Rule 19(a).
Marriott must demonstrate that PlacePass claims an interest relating to the subject of the action
pursuant to Rule 19(a)(1)(B); it does not.  PlacePass has not claimed an interest in this case.  In
addition, under Rule 19(a)(1)(B)(i), Marriott must demonstrate the ability of PlacePass to protect
its interests is impaired by not participating in the litigation.  *See Bacardi International limited v.
Suarez & Co., Inc.*, 719 F.1, 13 (1st Cir. 2013).  Marriott fails to demonstrate the ability of
PlacePass to protect its interests is impaired.  Marriott has not presented any arguments or
evidence as to how PlacePass will be impaired if this case is resolved in the absence of
PlacePass.  Similarly, under Rule 19(a)(1)(B)(ii), Marriott must demonstrate a risk of
inconsistent obligations, namely, absent joinder of PlacePass Marriott would be "subject to a
substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the
interest." *Bacardi*, 719 F.1 at 13 (quoting Rule 19(a)(1)(B)(ii)).  Marriott makes no
demonstration that disposing of this case without PlacePass will expose Marriott to a substantial
risk of multiple or inconsistent obligations.

In short, Marriott has not and cannot show PlacePass is a required party under Rule 19.
Marriott's motion to dismiss thus cannot be granted.

**II.      Marriott Shows Dismissal Is Unwarranted Under Rule 19(b).**

Assuming the required party test of Rule 19(a) is met, dismissal under Rule 12(b)(7)
hinges on two findings in the Rule 19 analysis: first, a required party under Rule 19(a) cannot be
feasibly joined under Rule 19(a)(2) and (3), and, second, the court finds under Rule 19(b), in
equity and good conscious, the action should not proceed among the existing parties.  *See*
Fed.R.Civ.P. 19(a)(2)(3) and (b); *Bacardi International limited v. Suarez & Co., Inc.*, 719 F.1,

10-13 (1st Cir. 2013) (holding Rule 19 "provides for joinder of required parties when feasible, Fed.R.Civ.P. 19(a), and for dismissal of suits when joinder of a required party is not feasible and that party is indispensable, Fed.R.Civ.P. 19(b)."); *P.R. Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriqueña, Inc.*, 321 F.R.D. 475, 481 (D.P.R. 2017); Fed. R. Civ. P 19(b) ("When Joinder Is Not Feasible: If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."); *see also Wright & Miller* § 1359 (April 2021) ("Our review of a dismissal under Rule 12(b)(7) has three parts. First, guided by the provisions of Rule 19(a), we must decide whether it is 'desirable in the interests of just adjudication' to join [the required party].  If so, we must determine next whether a court feasibly could order that [the required party] be joined.  Finally, if a court cannot so order, then, guided by the provisions of Rule 19(b), we must decide whether in equity and good conscience the case may proceed in the absence of [the required party].") (internal quotations and citations omitted).

In its motion to dismiss, Marriott argues that joinder of PlacePass, the purportedly required party, is feasible so the complaint must be dismissed.  ECF No. 16 at 17.  Marriott takes the position that "it is not necessary to conduct the Rule 19(b) 'indispensable' analysis, as that is only required where joinder of the required party is not feasible." *Id*.  However, Marriott cites to no authority that supports this position and Plaintiff is unaware of any authority that would support such a position.  Even if Marriott had not failed to show PlacePass was a required party under Rule 19, Marriott's request for dismissal is not supported by Rule 19 or the case law because Marriott must show the required party under Rule 19(a) cannot be feasibly joined under Rule 19(a)(2) and it has not done that.  Indeed, it argues just the opposite, arguing that joinder is

feasible.  If joinder is feasible, dismissal is unwarranted.  *Bacardi International limited*, 719 F.1 at 10-13.

## CONCLUSION

For the foregoing reasons, Marriott's motion to dismiss should be denied.

Dated: December 16, 2021

Respectfully submitted,

RATH, YOUNG & PIGNATELLI, P.C.

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures, Inc.*

**CERTIFICATE OF SERVICE**

I, R. Terry Parker, hereby certify that I caused the foregoing document to be filed by ECF on the 16th day of December, 2021, by which service upon all counsel of record in this case should be accomplished.

/s/ R. Terry Parker
R. Terry Parker