**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MINDEN PICTURES, INC., )<br><br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARRIOTT INTERNATIONAL, INC. and )<br>TRIPADVISOR LLC, )<br>)<br>Defendants. )<br>) | Case No.: 1:21-cv-10969-AK |

**DEFENDANT MARRIOTT INTERNATIONAL, INC.'S REPLY IN SUPPORT**
**OF ITS MOTION TO DISMISS FOR FAILURE TO JOIN A REQUIRED PARTY**

**BAKER & HOSTETLER LLP**

Mark I. Bailen (BBO# 636825)
1050 Connecticut Ave N.W., Suite 1100
Washington, DC 20036-5403
Telephone: 202-861-1715
Facsimile:  202-861-1783
mbailen@bakerlaw.com

*Counsel for Marriott International, Inc.*

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ......................................................................................................... 2

     A.    PlacePass Is A Required Party Under Rule 19(a)(1) ............................... 2

         1.    Plaintiff Has Not Identified Any Directly Infringing Conduct or a DMCA Violation on the Part of Marriott ................................................. 2

         2.    Marriott Cannot Be Liable For Indirect Infringement Unless Plaintiff Shows Direct Infringement By PlacePass.................................................. 5

         3.    This Court Cannot Afford Complete Relief Between The Existing Parties Without PlacePass Under Rule 19(a)(1)(A) ................................................ 7

         4.    Joinder is Alternatively Warranted Under Rule 19(a)(1)(B) ...................... 8

     B.    The Court Should Order Joinder Under Rule 19(a)(2) ........................................... 8

     C.    A Rule 19(b) Analysis Is Unnecessary Because PlacePass' Joinder Is Feasible.. 10

III.  CONCLUSION................................................................................................... 10

## I.   <u>INTRODUCTION</u>

Defendant Marriott International, Inc. ("Marriott"), submits this reply in support of its motion to dismiss (Dkt. 15) the Amended Complaint (Dkt. 7) of Plaintiff Minden Pictures, Inc. ("Plaintiff") in its entirety for failure to join a required party under Fed. R. Civ. P. 19.  In its opposition papers (Dkt. 23), Plaintiff incorrectly interprets Rule 19 and confuses the analysis, which Marriott clarifies below.  Dismissal is indeed warranted under Rule 12(b)(7) for failure to join a party under Rule 19 – here, Rule 19(a)(1).  Alternatively, the Court should order that Plaintiff join the required party under Rule 19(a)(2) because joinder is feasible.

Plaintiff does not contest the assertions of obvious fact identified by Marriott in its motion to dismiss—that the subject website is hosted, run, and maintained by ETMA, Inc. d/b/a PlacePass ("PlacePass"), and that Plaintiff was given notice that PlacePass was responsible for the subject website. So what does Plaintiff contend Marriott did to make it liable as a direct infringer? Did Marriott copy the photographs and store them on a Marriott server? Did Marriott distribute the photographs?  We do not know because Plaintiff does not tell us, opting instead to wave its arms in the air and vaguely assert that Marriott must have somehow reproduced, distributed or displayed the subject works by working with PlacePass and TripAdvisor.  This is not how the internet works, and not how proper pleading practice works either.  Further, Plaintiff asserts a claim for violation of § 1202 of the DMCA, but fails to name the actor who would be responsible for the alleged violation, which is plainly identified as PlacePass per the DMCA Notification on the website.

Plaintiff intertwines in its Rule 19 arguments the flawed position that Plaintiff can proceed against Marriott—and without PlacePass—because they are joint tortfeasors and only one tortfeasor is required, and because they are jointly and severally liable.  This is an incorrect articulation of the legal standard for the specific facts of this case.  As previously outlined in Marriott's opening papers (Dkt. 16), the direct infringer/primary tortfeasor is a required party to

find that Marriott is contributorily and/or indirectly liable.  Moreover, despite alleged joint and several liability of the parties, this Court cannot afford complete relief between the parties without PlacePass, which is an independent third party providing its services to Marriott.

Further, it is now apparent that Plaintiff has failed to meet its Rule 11(b) obligation to reasonably investigate the facts, and it pleads on the basis of mere conjecture that does not meet the plausibility standard required by *Iqbal/Twombly*.  Plaintiff articulates neither sufficient facts nor the legal standard, as required under the pleading standards, to pin secondary liability for infringement on Marriott.  As such, the Amended Complaint (Dkt. 7) should be dismissed for Plaintiff's failure to join PlacePass, whose joinder is feasible.

## II.   ARGUMENT

### A.   PlacePass Is A Required Party Under Rule 19(a)(1)

#### 1.   Plaintiff Has Not Identified Any Directly Infringing Conduct or a DMCA Violation on the Part of Marriott

Marriott is not a direct infringer of Plaintiff's Copyrighted Works nor does it violate the DMCA by any of its own actions.  Allegations by the Plaintiff that the Copyrighted Works were also "reproduced, distributed, and publicly displayed by Marriott on computer systems and terminals owned and operated by Marriott, in violation of 17 USC § § 106 and 501 *et seq*," are conjectural at best and do not satisfy the *Iqbal/Twombly* standard.  (*See* Dkt. 23 at 4-5; Dkt. 7, ¶¶ 17-18).  Plaintiff claims that "based on the factual representations of Marriott in its motion to dismiss, it is implausible to believe that Marriott did not reproduce, distribute, and publicly display the Copyrighted Works on its computers and computer system as it was clearly working together with PlacePass and TripAdvisor to promote the Marriott brand at the website [sic] https://activities.marriott.com."  (Dkt. 23 at 5).  However, without more, there is no factual basis for this conclusory statement.  Plaintiff then leaps to assume that the facts it just made up somehow

gives rise to liability on the part of Marriott— "reproduction, distribution, and public display on Marriott's computers and computer systems are direct infringements separate from the infringements committed by TripAdvisor and PlacePass." (Dkt. 23 at 5).

Plaintiff has not identified any conduct by Marriott other than allowing TripAdvisor and PlacePass to "promote the Marriott brand at the website" at the subject website. (Dkt 23 at 5). However, a trademark license is not a basis for asserting any kind of copyright infringement.

The mere fact that an image appears on a website does not give rise to an inference of reproduction. Works most often appear on websites, like https://activities.marriott.com, through inline linking.[1]  Many webpages contain content hosted by multiple servers using inline linking, with content aggregators and service providers the most prevalent users of this technology, where content from many different sources is presented on a single webpage, without making a copy of the content on the aggregator or service provider's servers, computers, or terminals.  Inline linking is a method of embedding content hosted on a third-party server and integrating it into a website. It is a method of displaying content, and is commonly used to integrate content from multiple third-party sources onto a single webpage for coherent display.

If a third-party server is the source of content that appears on a third-party's webpage by way of a link, then no copy of the content exists on the servers of the website itself.  *See Perfect 10*, 508 F.3d at 1160-61 (holding Google's use of inline linking to display copyrighted photographs was not infringing because Google had not created a "copy" of the displayed photographs).  The embedded link retrieves the content and displays it on the website, operating much like a window into the other location.  The *Perfect 10* court reasoned that Google did not display a copy because

---

[1] "The process by which the webpage directs a user's browser to incorporate content from different computers into a single window is referred to as "in-line linking." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1156 (9th Cir. 2007) (citations omitted).

its HTML code merely directed a user's browser to the third-party host location of the photograph. *Id.* at 1161. Google provided the means for the user's browser to interact directly with the third-party host location. *Id.* "Google transmits or communicates only an address which directs a user's browser to the location where a copy of the full-size image is displayed. Google does not communicate a display of the work itself." *Id.* at Fn. 7.

Hence, inline linking operates through easily obtainable code that creates a window into the third-party source location and instructs the user's browser on how to arrange the third-party content on the webpage and, importantly, the content's source. *See Flava Works, Inc. v. Gunter,* 689 F.3d 754, 759 (7th Cir. 2012) ("He may think … that he's seeing the video on myVidster's website. But actually the video is being transmitted directly from the server on which the video is stored to the viewer's computer.").

Here, the subject website specifically states that "Marriott Bonvoy Tours & Activities and the programs and products provided under the Marriott Bonvoy Tours & Activities brand are not owned, developed, or sold by Marriott International, Inc." (Dkt. 16 at 2). The alleged infringing website claims mere use of the Marriott marks under license from Marriott International, Inc. and its affiliates. *Id.* The Terms of Service of the website clearly explain that experiences presented under the Marriott Bonvoy Tours & Activities program are provided by third parties and aggregated through the Service provided by PlacePass under a license arrangement with Marriott (*See* Dkt. 16 at 3). Further, the DMCA Notification provision in the "Terms of Service" identifies PlacePass—not Marriott—as the appropriate party to address any complaints (*See* Dkt. 16 at 3-4). These are all facts that Plaintiff should have known before filing this lawsuit, and in any event, Plaintiff is now aware of them.

4

It does not logically follow from the clear statements on the alleged infringing website that content hosted by the third party that operates the website—PlacePass—is "also reproduced, distributed, and publicly displayed by Marriott on computer systems and terminals owned and operated by Marriott," (see Dkt. 23 at 4) and Plaintiff has not pointed to any factual basis for such a conclusory statement that is plainly inconsistent with the factual circumstances.  It also does not logically follow that Marriott violated the DMCA because PlacePass displayed the Copyrighted Works on a website that PlacePass controls and operates, and which identifies PlacePass as the Designated Agent for DMCA notifications.

Without further factual basis, the reproduction, distribution, and public display by Marriott that Plaintiff has alleged is not separate and distinct from the reproduction, distribution, and public display allegedly committed by PlacePass, and therefore the Court cannot, without PlacePass, accord relief for Marriott's alleged infringement.

### 2.	Marriott Cannot Be Liable For Indirect Infringement Unless Plaintiff Shows Direct Infringement By PlacePass

Irrespective of whether Marriott is contributorily or vicariously liable for copyright infringement, or in any other manner "responsible for the unlawful" conduct (see Dkt. 7, ¶ 20)— and Marriott submits that it is not—these claims cannot be determined if the real party in interest to the direct infringement claim is not a party to the action.  *See Resnick v. Copyright Clearance Ctr., Inc.*, 422 F. Supp. 2d 252, 258 (D. Mass. 2006) ("A defendant is not liable under a contributory or vicarious theory of liability unless plaintiffs show direct infringement by a third party.") (citing *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 434 (1984)).  Plaintiff cites *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc*., for the proposition that joint and several liability with the prime tortfeasor is applicable in suits arising under the Copyright Act.

443 F.2d 1159, 1161-62 (2d Cir. 1971).  However, even in *Gershwin*, there could be no liability

for contributory infringement ***without*** first showing direct infringement.  *See id.* (emphasis added).

Moreover, Plaintiff does not articulate which theory of indirect liability—contributory or

vicarious infringement—is at issue here and does not articulate facts to support either legal

standard.  To state a claim of contributory infringement, a copyright holder must first allege direct

infringement by a third party.  *Perfect 10*, 508 F.3d at 1169.  After clearing this threshold,

contributory liability can be imposed "in the context of cyberspace" when plausible facts are

alleged that (i) the defendant has actual knowledge that specific infringing material is available on

its system; (ii) the defendant can take simple measures to prevent further damage to copyrighted

works and; and (iii) the defendant continues to provide access to infringing works.  *Id.* at 1171-72.

Plaintiff has not pled facts that support an allegations that Marriott's contribution in the

operation of the alleged infringing website besides licensing the use of its marks.  *See, e.g.*, *Free

Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1173 (N.D. Cal. 2019) (inline linking case

where court granted motion to dismiss with leave to amend as contributory infringement had not

been sufficiently pleaded).  For contributory liability, the "term in the conventional definition of

contributory infringement— 'material contribution'—invokes common law notions of remoteness

that limit efforts to impose liability for speculative imaginings of possible causal consequences."

*Flava Works*, 689 F.3d at 759 (holding myVidster was neither a direct nor a contributory infringer

of Flava's right to copy and distribute without specific facts that could pin liability on myVidster).

Without further factual basis, Marriott cannot be liable for indirect infringement unless

Plaintiff shows direct infringement by PlacePass.  Plaintiff will have to put on proofs of

PlacePass's allegedly infringing conduct, and presumably will seek to proffer evidence from

PlacePass witnesses and documents in PlacePass's possession.  For Plaintiff to work at length to

establish liability on the part of PlacePass, an absent party, is like putting on Hamlet without the prince. Thus, PlacePass is a required party.

### 3.    This Court Cannot Afford Complete Relief Between The Existing Parties Without PlacePass Under Rule 19(a)(1)(A)

Even if Marriott is a joint tortfeasor, this Court cannot afford complete relief between the existing parties without PlacePass by ordering Marriott to pay Plaintiff's damages. The cases cited by plaintiff are factually distinguishable as they either deal with activity of the tortfeasor's conspirator, subsidiary or licensee. *Salton v. Philips Domestic App. And Per. Care*, 391 F. 3d 871, 877 (7th Cir. 2004) (parties colluded to steal the copyrights and trade secrets); *Pujol v. Shearson/American Express*, 877 F.2d 132, 136 (1st Cir. 1989) (subsidiary relationship with identical interests); *Bouchat v. Bon-Ton Dept. Stores, Inc.*, 506 F.3d 315, 318 (4th Cir. 2007) (conduct of licensee at issue); *Costello Publ'g. Co. v. Rotelle*, 670 F.2d 1035, 1043 (D.C. Cir. 1981) (conduct of downstream direct infringers at issue). Here, PlacePass is an independent third party that was licensed to use Marriott's trademark and operate the website on Marriott's behalf. However, there is no basis to believe that Marriott had anything to do with sourcing or placing content on that website by virtue of that relationship. Plaintiff has not pled any facts that support an inference of reproduction, distribution, or display by Marriott, other than suggesting it is "implausible" that Marriott did not do so. Moreover, the fact that photographs are most commonly embedded through inline linking together with the fact that the website was owned and operated by PlacePass destroys Plaintiff's weak attempt at relying on conjecture.

This leaves only Plaintiff's assertions of secondary liability, which are similarly premised on conjecture. Regardless, in order to establish Marriott's liability as an indirect infringer, Plaintiff must produce evidence of direct infringement by PlacePass. Thus, Plaintiff itself cannot be

afforded relief without participation by PlacePass in the case, and Marriott effectively cannot limit or eliminate its own liability for PlacePass's conduct without PlacePass joined as a party.

### 4.      Joinder is Alternatively Warranted Under Rule 19(a)(1)(B)

Marriott is not required to satisfy every "required party test of Rule 19(a)."  (*See* Dkt. 23 at 8).  The Court may determine that the relevant nonparty, here PlacePass, is a required party under either Rule 19(a)(1)(A) *or* (B).  *See, e.g.*, *Young v. Regence Blueshield*, 389 F. App'x 692, 693 (9th Cir. 2010) (emphasis added).  Similarly, if the nonparty claims an interest relating to the subject of the lawsuit, a court may determine that the nonparty is a required party under either Rule 19(a)(1)(B)(i) *or* (ii).  Addressing each provision of each subsection of the rule is not required.  Here, the Court can find that PlacePass is a required party under Rule 19(a)(1)(A), as set forth above and in Marriott's opening papers.

PlacePass is not a party to the lawsuit, and thus cannot affirmatively "claim" an interest as asserted by Plaintiff. (Dkt 23 at 8).  However, under a Rule 19(a)(1)(B)(i) analysis, the "court may draw reasonable, pragmatic inferences from the particular circumstances in the case to protect the absent party." *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 17 (1st Cir. 2008) (making such inferences that the required party's interests would be impaired if the case proceeded in the party's absence).

The second prong, Rule 19(a)(1)(B)(ii), is relevant to Marriott and considers whether Marriott would be subject to "a substantial risk of double, multiple, or otherwise inconsistent obligations" if the case proceeds without PlacePass.  "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Bacardi Int'l Ltd. v. V. Suarez & Co.*, 719 F.3d 1, 12 (1st Cir. 2013).

### B.      <u>The Court Should Order Joinder Under Rule 19(a)(2)</u>

Rule 19(a)(2) states, "Joinder by Court Order. If a person has not been joined as required [under Rule 19(a)(1)], the court must order that the person be made a party. A person who refuses

to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff."
Plaintiff argues, without any legal support, that Marriott "must show the required party under Rule
19(a) cannot be feasibly joined under Rule 19(a)(2)" for dismissal to be warranted.  (*See* Dkt. 23
at 9).  This is not so.  Rule 12(b)(7) provides that if a required party under Rule 19 is not joined,
regardless of feasibility, the case must be dismissed. *In re Apple iPhone Antitrust Litig.*, 874 F.
Supp. 2d 889, 901 (N.D. Cal. 2012) ("[T]the Court finds that ATTM is a necessary party which
can, and therefore must, be joined. Therefore, the Court GRANTS Defendant's Motion to Dismiss
for failure to join a necessary party under Fed.R.Civ.P. 12(b)(7).").  It is Plaintiff's obligation to
identify the required parties, and it failed to reasonably investigate the facts and join such parties.

The Advisory Committee Notes for the 1966 amendment to Rule 19 explain that "[i]f a
person as described in subdivision (a)(1)(2) is amenable to service of process and his joinder would
not deprive the court of jurisdiction …, he should be joined as a party; ***and if he has not been
joined, the court should order him to be brought into the action***." (emphasis added).  Thus,
Marriott alternatively requests that the Court order joinder of PlacePass under Rule 19(a)(2).  If a
required party can be joined, the Court must determine whether it "feasibly could order that [the
required party] be joined."  *Wright & Miller*, 5C Fed. Prac. & Proc. Civ. § 1359 (3d ed.).  Here,
joinder is feasible because PlacePass is subject to service of process, joinder would not deprive the
Court of subject matter jurisdiction, and venue is proper.  (Dkt. 16 at 11-12).  Plaintiff does not
dispute any of these facts.  *See, e.g.*, *Patera v. Citibank, N.A.*, 79 F. Supp. 3d 1074, 1084 (N.D.
Cal. 2015) (dismissing all of plaintiff's claims, with leave to amend to join the required party
because there was no reason why joinder would not be feasible).

The court may direct an existing plaintiff to amend its complaint to add the required party
within a certain timeframe. *See AIG Prop. Cas. Co. v. Green*, 172 F. Supp. 3d 468, 477 (D. Mass.

2016); *Picciotto*, 512 F.3d at 22 (The First Circuit "fail[ed] to comprehend how [the absent party] could be joined as a defendant here unless the [the plaintiffs] were ordered to amend their complaint to assert claims against her."); *see also In re Apple iPhone Antitrust Litig.*, 874 F. Supp. 2d at 901 (granting Rule 12(b)(7) motion and ordering the required party to be joined).  If Plaintiff fails to comply, the Amended Complaint should be dismissed. *See, e.g.*, *Barfield v. Hunt Petroleum Corp.*, 2009 WL 3171292, at *3 (W.D. La. Sept. 30, 2009) (dismissing case with prejudice after plaintiff failed to join all required parties under Rule 19(a) as required by court order).

> **C.     A Rule 19(b) Analysis Is Unnecessary Because PlacePass' Joinder Is Feasible**

Only if joinder is not feasible under Rule 19(a) must the court proceed to Rule 19(b) and determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); Dkt. 16 at 5-7; *see also Picciotto*, 512 F.3d at 15-19; *United States v. San Juan Bay Marina*, 239 F.3d 400, 405-407 (1st Cir. 2001).  The text of the statute states that Rule 19(b) is relevant "[w]hen joinder is ***not*** feasible."  (emphasis added); *see also Wright & Miller* § 1359.  Here, PlacePass' joinder is feasible (*see* Dkt. 16 at 11-12), and Plaintiff has not raised any issue that would prevent the Court from ordering PlacePass to be joined.

## III.    CONCLUSION

For the foregoing reasons, Marriott requests that the Court grant its Motion to Dismiss Plaintiff's Amended Complaint for failure to join a required party whose joinder is feasible. Alternatively, Marriott requests that the Court order Plaintiff to join PlacePass in this case.

*[Signature Block on Following Page]*

January 14, 2022

Respectfully submitted,

By: */s/ Mark I. Bailen*
Mark I. Bailen (BBO # 636825)
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave N.W., Suite 1100
Washington, DC 20036-5403
Telephone: 202-861-1715
Facsimile:  202-861-1783
mbailen@bakerlaw.com

*Counsel for Marriott International, Inc.*

## CERTIFICATE OF SERVICE

I, Mark I. Bailen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated: January 14, 2022                                  _/s/ Mark I. Bailen_
                                                         Mark I. Bailen